Before STATE INDUSTRIAL BOARD, Respondent.

PATRICK MANLEY, Respondent, *v.* ARTISTIC METAL AND ROOFING COMPANY and Another, Appellants.

Third Department, June 27, 1924.

**Workmen's compensation — accidental injury to shin bone causing varicose ulcer — no evidence of laceration of shin bone or that varicose ulcer developed at site of alleged injury — claimant had suffered from varicose condition and ulcers for long time — award reversed.**

An award in favor of the claimant for an alleged injury to his right leg from which he claimed a varicose ulcer developed must be reversed, since there is no evidence that the claimant sustained a laceration of the shin bone of the right leg, that a varicose ulcer developed at the site of the alleged injury or that the injury aggravated a condition of varicose veins whereby an ulcer developed, and, furthermore, it was undisputed that the claimant had suffered from a varicose condition of the veins for several years and had had many varicose ulcers on his right leg.

APPEAL by the defendants, Artistic Metal and Roofing Company and another, from a decision and award of the State Industrial Board, made on the 28th day of August, 1923.

*Frederick Mellor* [*David H. Scott* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The State Industrial Board has found that on February 27, 1923, the claimant, while in the course of his employment, struck the shin of his right leg upon the plank of a scaffold; that he thereby sustained a laceration of the shin bone of the right leg; that at the site of the injury a varicose ulcer developed; that claimant had previously suffered from a condition of varicose veins; that the injury so aggravated the condition that claimant suffered from the ulcer; that claimant was thus caused to be disabled from February 28, 1923, to August 29, 1923. There was no legal evidence that claimant sustained a laceration of the shin bone of the right leg; that a varicose ulcer developed at the site of the injury; that an injury aggravated a condition of varicose veins whereby an ulcer developed. Furthermore it was undisputed that the varicose ulcer which was attributed to the injury was entirely healed on April 11, 1923. There was no proof that a new ulcer developed at the place of the injury or that there was a reappearance of an ulcer at the site of the old ulcer. Claimant had been a sufferer from a varicose condition of the veins of his legs since 1917. In

that year varicose ulcers broke out upon his right leg. These were attributed to an accidental injury, and claimant enjoyed compensation therefor, under an award made, for more than a year. In 1923 both of claimant's legs were discolored and scarred because of varicose ulcers which had previously healed. There was no more reason to suppose that the varicose ulcers from which claimant suffered after April 11, 1923, were caused by the injury of 1923 than to suppose them attributable to the accident of 1917. Indeed, it is not at all clear that they did not develop from the varicose condition quite independently of the accidental injury of either year.

The award should be reversed and the claim remitted to the Industrial Board, with costs to the appellant to abide the event.

All concur.

Award reversed and claim remitted to the State Industrial Board, with costs against said Board to the appellants to abide the event.